UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE: WILLIAM JOSEPH KLISIVITCH aka William J Klisivitch aka Bill Klisivitch aka William Klisivitch

Debtor.
_____

WILLIAM JOSEPH KLISIVITCH,

    Appellant,

v.                                     Case No: 2:19-cv-5-FtM-29
                                     Bankr. No. 9:18-BK-04099-FMD

COLETTE PANEBIANCO,

    Appellee.
_____

**OPINION AND ORDER**

This matter comes before the Court on appeal from the Bankruptcy Court's Order Denying Debtor's Amended Motion for Reconsideration of Order Granting Motion to Dismiss (Doc. #6-2)[1]. Appellant filed an Initial Brief (Doc. #15), appellee filed a Brief of Appellee (Doc. #17), and appellant filed a Reply Brief (Doc. #20). For the reasons set forth below, the Order of the Bankruptcy Court is affirmed.

---

[1] The Court will hereinafter cite documents filed with the District Court as "Doc.", and documents filed in the Bankruptcy case as "Bankr. Doc.". Copies of the relevant documents were included in the record transmitted by the Bankruptcy Court.

**I.**

The United States District Court functions as an appellate court in reviewing decisions of the United States Bankruptcy Court. 28 U.S.C. § 158(a); In re Colortex Indus., Inc., 19 F.3d 1371, 1374 (11th Cir. 1994). The legal conclusions of the bankruptcy court are reviewed *de novo*, while findings of fact are reviewed for clear error. In re Globe Mfg. Corp., 567 F.3d 1291, 1296 (11th Cir. 2009). A finding of fact is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire record is left with a definite and firm conviction that a mistake has been committed." Crawford v. W. Electric Co., Inc., 745 F.2d 1373, 1378 (11th Cir. 1984)(citing United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)); In re Walker, 515 F.3d 1204, 1212 (11th Cir. 2008). The Court's jurisdiction over the appeal from the dismissal of debtor's Chapter 13 case is undisputed.

**II.**

On May 18, 2019, William Joseph Klisivitch (debtor) filed a voluntary petition under Chapter 13 of the Bankruptcy Code along with a Chapter 13 Plan proposing payments of $722 per month to the Trustee. (Docs. ## 6-6; 6-7.) Under Schedule A/B, debtor listed as property a 2012 Mercedes E350 and an Ericson E38 Sailboat worth $27,500. (Doc. #6-6, p. 10.) Debtor also listed a retirement account with a $206,036.10 balance. (Id., p. 13.) The attached Schedule E/F lists unsecured claims, including two for Colette

Trotto-Klisivitch, debtor's ex-wife and primary creditor. These debts are for $218,527.91 and $6,500, and represent the majority of the debts.[2] (Id., p. 20.) Both amounts arise from a Divorce Judgment in a case pending appeal from the New York City Supreme Court. (Id., p. 33.) Under debtor's proposed plan, his ex-wife creditor would receive virtually nothing.

On July 11, 2018, the Trustee issued an Unfavorable Recommendation and Objection to Confirmation of the Plan (Doc. #6-9) because the debtor had not dedicated all disposable income to the proposed Plan and the Plan did not pay unsecured creditors the value they would receive in a Chapter 7 case. On August 10, 2018, creditor Colette Panebianco filed a Motion to Dismiss or Convert Case Pursuant to 11 U.S.C. § 1307(c) (Doc. #6-14). On August 23, 2018, Creditor Panebianco filed an Objection to Confirmation of the Debtor's Chapter 13 Plan (Doc. #6-28), and on August 29, 2018, creditor filed a Motion to Take Judicial Notice (Doc. #6-29) of the dockets from the previous divorce and bankruptcy cases. A Notice of Hearing (Doc. #6-27) was issued and a hearing scheduled for August 30, 2018. On August 29, 2018, debtor filed an Omnibus Objection in response to the creditor's Motion to Dismiss or Convert Case Pursuant to 11 U.S.C. § 1307(c), Objection to

---

[2] Other creditors include: (1) Amex for $3,708.00; Mark F. Brancato, Esq. for attorney fees totaling $1,732.50; (3) Michael Klisivitch, debtor's brother, in the amount of $46,500.00; (4) Synchrony Bank/HH Gregg for $2,647.00; and (5) The Home Depot for $2,364.24. (Doc. #6-6, pp. 19-22.)

Confirmation of the Debtor's Chapter 13 Plan, and Motion to Take Judicial Notice (Doc. #6-30).

At the scheduled hearing the U.S. Trustee testified that he was still waiting for an accounting of all the property debtor listed as sold in the two years prior to filing for bankruptcy protection. As a result, the Bankruptcy Court continued the hearing. (Doc. #7, pp. 19-20.)

On September 18, 2018, the Trustee issued an Amended Unfavorable Recommendation and Objections to Confirmation of the Plan (Doc. #6-32). On September 27, 2018, the hearing took place on the pending motions and on the issue of confirmation. (Doc. #6-34.) On October 1, 2018, the Bankruptcy Court issued an Order Granting Creditor, Collette Panebianco's Motion to Dismiss or Convert Case Pursuant to 11 U.S.C. § 1307(c) (Doc. #6-33) for the reasons stated on the record at the hearing.

Debtor moved for reconsideration, arguing that he was not granted an evidentiary hearing and therefore the Bankruptcy Court made a decision without the necessary testimonial evidence. (Doc. #6-35.) Debtor then filed an Amended Motion (Doc. #6-36) to specifically argue that an evidentiary hearing should have been granted before dismissing his case for bad faith. The creditor filed a response in opposition, Doc. #6-38, and on December 11, 2018, an Order denying Debtor's Amended Motion for Reconsideration

of Order Granting Motion to Dismiss (Doc. #6-2).  Debtor filed a Notice of Appeal (Doc. #1) from this Order.

### III.

Appellant argues that the Bankruptcy Court erred in granting the motion to dismiss after determining that debtor's Chapter 13 bankruptcy case was filed in bad faith but without conducting an evidentiary hearing on disputed facts.  Appellant also raises two sub-issues: Assuming an evidentiary hearing was not required, (1) whether the Bankruptcy Court inappropriately drew inferences in favor of the creditor when the legal standard required inferences to be drawn in debtor's favor; and (2) whether the Bankruptcy Court's "totality of the circumstances" analysis was flawed and/or incomplete.

**A. Underlying Basis For Motion to Dismiss**

Debtor's ex-wife filed a Motion to Dismiss or Convert Case Pursuant to 11 U.S.C. § 1307(c) (Doc. #6-14) alleging that debtor "has misrepresented his income and undervalued assets on his schedules." (Doc. #6-14, p. 2.)  The Motion stated that this was not debtor's first filing of a bankruptcy to avoid a judgment from an ex-wife.  The Motion stated that creditor and debtor were married on February 3, 2006, and that in December of 2011, debtor commenced divorce proceedings in New York.  The Motion further recited that debtor asserted a claim for maintenance in the divorce proceeding because he said he was poor, essentially unemployed,

working as a retired consultant, and living off of social security. (Doc. #6-14, p. 4.) The divorce case was heard by a Special Referee, who issued a report rejecting debtor's claim for maintenance and finding that debtor was less than forthcoming about his income. (Id.) The Special Referee noted that debtor had a luxury apartment, luxury car, a sailboat, and belonged to a yacht club. (Id.) Based on the report, the presiding judge issued a Divorce Order adopting the findings of the Special Referee, and a Judgment was issued on August 28, 2017. (Id., p. 5.) The Motion further points out that while debtor claimed to be retired and receiving only $1,521.00 in social security benefits and $620.00 in a Canadian pension, he pays $1,900 per month in rent, and does so by taking one distribution a year from his IRA to cover the expense.

In response to the motion to dismiss, debtor objected to any material from the divorce cases being used against him in the bankruptcy case, and sought to strike such factual allegations from the record. (Doc. #6-30.)

**B. Bankruptcy Court's Findings**

At the confirmation hearing, the Bankruptcy Court made the following factual findings in concluding that the debtor did not file the bankruptcy petition in good faith:

> First, this is a two-party dispute. The parties' divorce has been pending since 2011.

> Second, the debt to Ms. Panebianco would be dischargeable only in a Chapter 13.
>
> Third, there are minimal, if any, other debts.
>
> Fourth, the parties have been litigating for years over the true amount of the Debtor's income and it would prejudice the ex-wife to have to relitigate that issue before this Court in the context of an objection to confirmation.
>
> Fifth, Debtor's Plan is for him to keep a luxury sailboat while he has failed to disclose the expenditures necessary to maintain that boat, which means that he has the funds necessary to pay the alleged value of the boat into the Plan and the cost of upkeep of the boat, but is otherwise unwilling to give up the boat and pay those same amounts to creditors.

(Doc. #8, pp. 6-7.) The Court issued an Order (Doc. #6-33) finding that the case had not been filed in good faith, and the bankruptcy case was dismissed without prejudice to seeking to convert the case to a Chapter 7 proceeding.

Upon motion for reconsideration, the Bankruptcy Court found that an evidentiary on the motion to dismiss was not warranted. (Doc. #6-2.) The Bankruptcy Court granted the request for judicial notice, but only to the extent that the Court took judicial notice of the existence of the filings in the prior Bankruptcy and Divorce cases. The Bankruptcy Court noted her findings as follows:

> A. Debtor filed his Chapter 13 case in May 2018, while litigation with Creditor, that included Debtor's appeal of a ruling against him, had been pending in New York since 2011.

> B. Debtor listed only a handful of creditors: Creditor, Creditor's attorney, Debtor's brother, two American Express accounts, and one H.H. Gregg account. Debtor listed American Express and H.H. Gregg as being "last active" in April and May 2018. These creditors did not file proofs of claim. Debtor's brother filed a proof of claim, and then an amended claim, but both were filed after the claims bar date. Another creditor, PYOD, LLC, filed a proof of claim for $918.00, to which Debtor objected as barred by statute of limitations. Debtor did not list any amounts owed to the attorney representing him in the Divorce Case.
>
> C. The Plan proposed monthly plan payments of $722.00 per month for 60 months, that the Court calculated would result in the distribution to unsecured creditors of about $33,588.00. The plan payments were based on the liquidation value of Debtor's assets, including a 38-foot sailboat that Debtor valued at $27,500.00.
>
> D. Debtor's Schedule J listed a monthly expenditure of $160.00 for boat insurance but did not list any other expenses for the sailboat, such as dock or storage fees or other maintenance charges.
>
> E. Standing alone, the fact that Debtor is using Chapter 13 to discharge an otherwise nondischargeable debt is not by definition bad faith.
>
> F. The Court did not consider Creditor's allegation that Debtor had tried to avoid his obligations to his first wife in the Prior Bankruptcy Case; accordingly, to the extent that the Court had granted Creditor's request for judicial notice, the Court gave no weight to the filings in the Prior Bankruptcy Case.

(Doc. #6-2, pp. 4-5) (internal footnotes omitted). Citing 11 U.S.C. § 101(A)(2), the Bankruptcy Court found that an evidentiary hearing was not required, only fair notice and an opportunity to

be heard. (Id., p. 7.) The Bankruptcy Court found that the "totality of the circumstances" demonstrated that:

> (1) Debtor has been embroiled in litigation with Creditor since 2011, (2) Creditor's claim was subject to discharge in a Chapter 13 case, but would not be discharged in a Chapter 7 case, (3) Debtor had few other creditors, (4) Debtor proposed to retain ownership of his luxury sailboat, (5) and Debtor's schedules, while listing the cost of insurance for the boat, did not include other associated costs.

(Id., p. 10.)

**IV.**

The Bankruptcy Court shall confirm a plan if "proposed in good faith and not by any means forbidden by law". 11 U.S.C. § 1325(a)(3). "A debtor has the burden of proving that his plan was filed in good faith." In re Fretwell, 281 B.R. 745, 750 (Bankr. M.D. Fla. 2002). "[O]n request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause. . . ." 11 U.S.C. § 1307(c).

"A bankruptcy court's determination whether a chapter 13 plan has been proposed in good faith is a finding of fact reviewable under the clearly erroneous standard." Gen. Lending Corp. v. Cancio, 578 F. App'x 832, 835 (11th Cir. 2014) (citing In re Brown, 742 F.3d 1309, 1315 (11th Cir. 2014)). "A factual finding is

clearly erroneous only when this Court, after reviewing all of the evidence, is left with "the definite and firm conviction" that a mistake has been committed." In re Piazza, 719 F.3d 1253, 1273 (11th Cir. 2013) (citation omitted). This "conviction arises only when there has been a 'manifest disregard of right and reason.'" Id. (citation omitted).

**(1) Evidentiary Hearing**

Debtor asserts that he was denied a required evidentiary hearing, and therefore the Bankruptcy Court had no factual basis on which to base its finding of bad faith. Debtor was provided notice and an opportunity to be heard by way of the confirmation hearing. See 11 U.S.C. § 1307(c) ("on request of a party in interest or the United States trustee and after notice and a hearing", the court may dismiss a case). "[T]he Bankruptcy Code requires only such notice or hearing 'as is appropriate in the particular circumstances.'" In re Mirzataheri, 730 F. App'x 861, 863 (11th Cir. 2018) (quoting In re Piazza, 719 F.3d 1253, 1272 n.8 (11th Cir. 2013)).

The necessity of an evidentiary hearing was discussed, and the Bankruptcy Court denied an evidentiary hearing because the record was sufficiently developed. The Bankruptcy Court heard argument regarding the motion to dismiss, and specifically asked counsel for debtor if an evidentiary hearing would be required:

> THE COURT: And what I need to hear from you is whether I can decide based on the papers or

if there are issues of disputed fact that would require a further evidentiary hearing.

MR. LAMPLEY: Your Honor, I would say that, at the very least, there would be a need for an evidentiary hearing to determine whether or not he has income which, according to the Schedules, he doesn't. The only income we have is distributions from a 401(k), I believe, or an IRA, which is actually why he couldn't file a Chapter 7, because he was ineligible for the means test.

THE COURT: Well, he didn't want to file a Chapter 7.

MR. LAMPLEY: He wouldn't have but he couldn't have under Kitchen factors, even if he – he wasn't eligible even if that was a possibility.

So it sounds like, if there is appeal going on of the State Court order, then all of the stuff that the opposing counsel is asking you to take judicial notice of isn't final yet. So all of the determinations of whether or not he is supposedly hiding income or not hiding income is still in flux I the sense that it's under appeal.

We fill out the Schedules. The Schedules are under penalty of perjury. The Debtor, under penalty of perjury, says he doesn't have the money to do this.

The Debtor actually filled out his assets and list his assets. They got an appraisal by Read & Kelley and had to decrease the value of a lot of these assets because the Debtor had actually overvalued stuff.

There is a sailboat that is going to liquidation. As Mr. Cecil said earlier, there's about $35,000 going to unsecured creditors.

The Debtor's brother –

>           THE COURT:  What's happening with the sailboat
>           under the Plan?
>
>           MR. LAMPLEY:  The Debtor is paying the value
>           into it as liquidation.
>
>           . . . .
>
>           THE COURT:  Oh, so he's paying the liquidation
>           value into the case in order to keep his boat?
>
>           MR. LAMPLEY:  Yes, Your Honor. . . .

(Doc. #7, pp. 14-16.)  Counsel for debtor acknowledged that debtor filed under Chapter 13 to get the ex-wife's debt discharged:

>           MR. LAMPLEY:  If this case is dismissed, then
>           it's three-party dispute.  I mean there's
>           nothing wrong with the Debtor who needs – who
>           has a judgment – or who has litigation going
>           on who can't afford to pay to use the
>           bankruptcy system for what it was there for,
>           to help reassess your situation.
>
>           Yes, he's in a 13.  Yes, his ex-wife's claim
>           gets discharged.  But that's what Congress
>           decided for him to do.  Congress wanted him
>           to go to a Chapter 13.
>
>           You know, using the Code to do what the Code
>           allows, there's nothing inherently wrong with
>           that; and whether or not he actually has
>           income or all of that is an evidentiary
>           question that, at the very least, needs a
>           hearing.

(Id., p. 18.)

At the continued hearing, the Bankruptcy Court found that a decision should be rendered in the context of the motion to dismiss and not confirmation.  The Bankruptcy Court specifically stated that it did not consider debtor's avoidance of his obligations to debtor's first wife, and even though judicial notice was granted,

the Court gave no weight to the filings in the prior bankruptcy case. Counsel for debtor did not object to proceeding without further factual findings, did not present additional factual evidence, and did not argue what facts were in dispute. The facts relied upon by the Bankruptcy Court for its bad faith finding were not disputed. The Bankruptcy Court made no error in failing to conduct an evidentiary hearing as to other potential facts.

**(2) Permissible Inferences**

Debtor argues that the Bankruptcy Court was required to view the evidence in a light most favorable to debtor based on the case law applied to dispositive motions filed in non-bankruptcy civil cases. There is no indication that the Kitchen[3] factors are applied in bankruptcy cases in a light most favorable to a debtor. In fact, both subjective and objective factors are considered, and it is the debtor that has the burden of proving that a plan is filed in good faith. This argument is rejected.

**(3) Totality of Circumstances**

The Eleventh Circuit has adopted the following criteria that must be considered in determining a debtor's good faith:

> (1) the amount of the debtor's income from all sources;
>
> (2) the living expenses of the debtor and his dependents;
>
> (3) the amount of attorney's fees;

---

[3] In re Kitchens, 702 F.2d 885, 888–89 (11th Cir. 1983).

> (4) the probable or expected duration of the debtor's Chapter 13 plan;
>
> (5) the motivations of the debtor and his sincerity in seeking relief under the provisions of Chapter 13;
>
> (6) the debtor's degree of effort;
>
> (7) the debtor's ability to earn and the likelihood of fluctuation in his earnings;
>
> (8) special circumstances such as inordinate medical expense;
>
> (9) the frequency with which the debtor has sought relief under the Bankruptcy Reform Act and its predecessors;
>
> (10) the circumstances under which the debtor has contracted his debts and his demonstrated bona fides, or lack of same, in dealings with his creditors;
>
> (11) the burden which the plan's administration would place on the trustee.

In re Kitchens, 702 F.2d 885, 888–89 (11th Cir. 1983). The Eleventh Circuit noted that "other factors or exceptional circumstances may support a finding of good faith, even though a debtor has proposed no or only nominal repayment to unsecured creditors." Id., 702 F.2d at 889 (citing In re Estus, 695 F.2d 311, 317 (8th Cir. 1982)). The Eighth Circuit also added consideration of the type of debt to be discharged, and whether the debt would be nondischargeable under Chapter 7. Id. "Analysis of a debtor's good faith in proposing a Chapter 13 plan includes pre-petition conduct as well as post-petition conduct." White v. Waage, 440 B.R. 563, 567 (M.D. Fla. 2010) (citing In re

- 14 -

McGovern, 297 B.R. 650 (S.D. Fla. 2003)). The inquiry is conducted on a subjective and objective basis. In re McGovern, 297 B.R. 650, 656 (S.D. Fla. 2003). "The bankruptcy court judge is in the best position to evaluate good faith and weigh the relevant Kitchens factors, as it sits as a finder of fact and can best assess motives and credibility. [ ] The bankruptcy court must utilize its fact finding expertise and judge each case on its own facts after considering all of the circumstances." In re Brown, 742 F.3d 1309, 1315 (11th Cir. 2014) (citations omitted).

In considering the totality of the circumstances, the Bankruptcy Court considered that the litigation was essentially a two-party dispute because a majority of the debt is owed to debtor's ex-wife, and her debt would be dischargeable only in a Chapter 13 case. The Bankruptcy Court noted that debtor's income has been litigated for years, and it would prejudice creditor to re-litigate the issue before the Bankruptcy Court. The Bankruptcy Court further noted that the proposed plan would allow him to keep a luxury sailboat without disclosing maintenance costs; that debtor filed for bankruptcy protection while debtor's appeal of the Divorce Judgment was pending; and that debtor listed only a handful of creditors, not including the amounts owed to his attorney from the divorce case. The Bankruptcy Court found that the proposed payments would result in a total distribution of only $33,588.00 based on the liquidation of debtor's assets, including

the sailboat. The Bankruptcy Court noted that Schedule J listed monthly expenditure of $160 a month for boat insurance but listed no other maintenance expenses. (Doc. #6-2, pp. 4-5, 10; Doc. #8, pp. 6-7.)

The Bankruptcy Court found that, standing alone, the use of Chapter 13 to seek protection is not by definition bad faith, but considering the totality of the circumstances described above, the Bankruptcy Court concluded that the case was filed in bad faith. Applying the Kitchen factors to these findings, the Bankruptcy Court noted a failure to list all expenses (#2), the absence of attorney's fees from the divorce case (#3), the potential re-litigation of debtor's sources of income (#4), the filing for protection while the appeal from the Divorce Judgment was pending (#5), the circumstances of the largest debt from the lengthy divorce proceedings (#10), and the type of debt that would not be dischargeable in a Chapter 7 case (other factors).

Much like In Re Brown, debtor in this case would have been better off in a Chapter 7, with his fixed source of income, but he elected to proceed under Chapter 13 because of an unsecured debt to his primary creditor, and in this case debtor's ex-wife. See In re Brown, 742 F.3d 1309, 1317 (11th Cir. 2014) (finding of bad faith was not clearly erroneous); compare Gen. Lending Corp. v. Cancio, 578 F. App'x 832, 835 (11th Cir. 2014) (affirming bankruptcy court's finding that debtors were basically honest).

The Court cannot find that the decision was clearly erroneous in this case based on the presence of a number of the Kitchen factors.

Accordingly, it is hereby

**ORDERED:**

1. The Bankruptcy Court's Order Denying Debtor's Amended Motion for Reconsideration of Order Granting Motion to Dismiss (Doc. #1) is **affirmed**. The Clerk shall enter judgment accordingly, terminate all deadlines, and close the file.

2. The Clerk shall transmit a copy of this Opinion and Order to the Clerk of the Bankruptcy Court.

**DONE and ORDERED** at Fort Myers, Florida, this ___15th___ day of July, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record